[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2007
THOMAS K. KAHN
CLERK

No. 06-16672
Non-Argument Calendar
_____

BIA Nos. A95-228-974 & A95-228-975

LUZ LEDY SANDOVAL,
CARLOS ALBERTO GIRALDO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 3, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Lead petitioner Luz Ledy Sandoval and her husband, Carlos Alberto

Giraldo, natives and citizens of Colombia, petition this Court for review of the

order of the Board of Immigration Appeals ("BIA") denying their untimely motion to reopen their removal proceedings based on changed country conditions. We review the denial of a motion to reopen for abuse of discretion. Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999). After careful review, we deny the petition for review.

The petitioners entered the United States in 2001 and, in 2002, filed for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, alleging that Sandoval had suffered past persecution or had a well-founded fear of future persecution by the National Liberation Army ("ELN") on account of her memberships in the Liberal Party and the Convergence Party. The immigration judge ("IJ") denied the application in January 2005 and the BIA adopted the IJ's decision on May 8, 2006. Sandoval timely filed a petition for review in this Court, which we denied. See Sandoval v. U.S. Att'y Gen., No. 06-13216 (11th Cir. Dec. 28, 2006) (unpublished) ("Sandoval I").

While Sandoval I was pending, and more than ninety days after the BIA had issued its final decision in the matter, on August 21, 2006, Sandoval filed a motion to reopen the asylum proceedings, asserting that changed country circumstances warranted reconsideration of her application. In support of the motion, Sandoval submitted three affidavits and one police complaint, which she described as

material and not available or discoverable during the former proceedings on her application. The supporting affidavits described incidents that had occurred in May 2006, during which the affiants had been approached by men claiming to be ELN members and seeking information about Sandoval's whereabouts. The police complaint was filed by Sandoval's brother and stated that he had been attacked by some individuals in December 2005 because he would not tell them where Sandoval was.

On November 29, 2006, the BIA denied Sandoval's motion to reopen, finding that it was untimely and did not demonstrate a change in country conditions. The BIA further noted that in addition to not establishing changed country conditions, the supporting documentation contained information about events that had taken place in December 2005 and May 2006. This information, the BIA concluded, could have been submitted within the applicable 90-day period for filing a motion to reopen. Again, the IJ's decision was issued in January 2005 and the BIA adopted that decision on May 8, 2006. This petition for review followed.

After the BIA has affirmed an IJ's order of removal, the alien may move to have the BIA, in its discretion, reopen the removal proceedings for the submission of new evidence. See 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1). "Motions to reopen are disfavored, especially in a removal proceeding, where, as a general

3

matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation marks omitted).  A motion to reopen proceedings shall not be granted unless it appears to the BIA that the evidence sought to be offered is material and was not available, discoverable, or presentable at the former hearing.  See 8 C.F.R. § 1003.2(c)(1).  Even if a petitioner meets this standard and states a prima facie case for relief, the BIA retains discretion to deny the motion to reopen.  See 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.").

In addition to the substantive requirements for a successful motion to reopen, the regulations impose a time limit on the filing of such a motion and mandate that a petitioner is limited to filing one motion to reopen.  Specifically, a party may file only one motion to reopen a deportation proceeding and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.  8 C.F.R. § 1003.2(c)(2).  The time limit does not apply, however, if the motion to reopen is based on changed country circumstances.  8 C.F.R. § 1003.2(c)(3)(ii).  Moreover, at any time, the BIA can reopen or reconsider, on its own motion, a case in which it has rendered a decision.  See 8 C.F.R. § 1003.2(a).

Here, we discern no abuse of discretion in the BIA's denial of petitioners'

4

untimely motion to reopen. The motion alleged scant evidence of changed country circumstances that would warrant an exception to the 90-day time limit. See Abdi, 430 F.3d at 1149. Moreover, the supporting affidavits merely repeated earlier assertions that the ELN was targeting Sandoval, a former secretary for the communications committee of a local Liberal Party, and did not constitute material evidence of changed circumstances in Colombia. See 8 C.F.R. § 1003.2(c)(1). The only documentation that provided anything new, that is, anything not previously considered in the original asylum proceedings, was the evidence concerning Sandoval's brother's police complaint and affidavit, in which he stated that he was attacked in December 2005 by some individuals because he would not tell them Sandoval's whereabouts. However, Sandoval provides no explanation for why she did not inform the BIA of this new information within the 90-day time limit for filing a motion to reopen. Accordingly, we deny the petition for review.

**PETITION DENIED.**